IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| RACHEL RUIZ, | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-CV-029-BE |
| | § | |
| THE PRUDENTIAL INSURANCE COMPANY | § | |
| OF AMERICA, | § | |
| DEFENDANT | § | |

## MEMORANDUM OPINION AND ORDER

This action involves conflicting claims to the proceeds of a life insurance policy on decedent Bradley James Thompson.[1] Pending before the court are cross-motions for partial summary judgment filed by Third Party Defendant Kristina Thompson and Intervenor Estate of Bradley James Thompson [the Estate]. For the following reasons, the court finds that Kristina Thompson's motion should be granted and the Intervenor's motion should be denied.

A.  HISTORY

As a member of the United States Army Reserve, Bradley James Thompson [Thompson] obtained a Servicemember's Group Life Insurance policy [the Policy] through Prudential Insurance Company with a face value of $400,000. Thompson died October 20, 2006. According to a beneficiary designation form dated September 19, 2005, Thompson designated his then-wife Katrina Thompson as the recipient of 25% of the proceeds. The Thompsons were divorced pursuant to a divorce decree entered by an Arkansas court on September 21, 2006, and Thompson was married to Rachel Ruiz at the time of his death.

Ruiz filed suit against Prudential Insurance Company on January 10, 2007, asserting that she

---

[1] The insurance company was dismissed after placing the insurance proceeds in the registry of the court pending a determination of the appropriate beneficiary.

is entitled to $100,000 because Thompson executed a new beneficiary designation form on September 26, 2006, naming her as the beneficiary of 25% of the proceeds from the Policy. She alternatively asserts that the benefits are payable to her as the sole beneficiary under Thompson's will. Katrina Thompson was named as a third-party defendant and also seeks a declaratory judgment to clarify the parties' respective rights to the life insurance benefits. The Estate intervened in this action, claiming that Katrina Thompson has waived any right to benefits paid under the Policy, that state law renders ineffective any pre-divorce insurance designation in favor of Katrina Thompson, and that the unpaid proceeds therefore revert to the estate in the event Ruiz is not deemed to be the beneficiary under the terms of the Policy.

The Estate has filed a motion for partial summary judgment on its affirmative defense of waiver [doc. 38]. Katrina Thompson has responded to that motion and also filed a motion for partial summary judgment [doc. 56] on her claim for declaratory relief.[2]

B.   STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509-10, 91 L.Ed.2d 202 (1986). The Court views all the evidence and inferences in the light most favorable to the nonmovant. *In re McLain*, 516 F.3d 301, 307 (5th Cir. 2008).

---

[2] The court disagrees with the Estate's position that, in granting Katrina Thompson leave to file document 56, that the court intended to exclude the subordinate parts of that document. The court has specified when subparts are being excluded or stricken.

The movant bears the initial burden of showing that no genuine issue of material fact exists, but once the movant makes such a showing, the burden shifts to the nonmovant to produce competent summary judgment evidence of the existence of a genuine issue of material fact. *Anderson*, 477 U.S. at 256–57, 106 S.Ct. at 2514, 91 L.Ed.2d 202. An issue is genuine if there is sufficient evidence for a reasonable jury to return a verdict in favor of the nonmovant. *Id.* at 248, 106 S.Ct. at 2514. A fact is material if its resolution would affect the outcome of the suit under the governing law. *Id.*

C. DISCUSSION

    1. Beneficiary Designation

Katrina Thompson asserts that she is entitled to summary judgment because the beneficiary designation form on file with the military at the time of Thompson's death lists her as the beneficiary of 25% of the amount payable under the Policy. (3d Party Mot. Partial Summ. J., App. at 3). The Estate and Ruiz assert that Katrina Thompson has not provided competent summary judgment evidence in support of her motion. Alternatively, they assert that after his divorce, Thompson signed a new designation of beneficiary naming Ruiz as the intended beneficiary and delivered that form to Prudential Insurance Company.

> The Servicemen's Group Life Insurance Act (SGLIA) provides:
>
> Any amount of insurance under this subchapter in force on any member or former member on the date of the insured's death shall be paid, upon the establishment of a valid claim therefor, to the person or persons surviving at the date of the insured's death, in the following order of precedence:
>
> First, to the beneficiary or beneficiaries as the member or former member may have designated by a writing received prior to death (1) in the uniformed services if insured under Servicemembers' Group Life Insurance, or (2) in the administrative office established under section 1966(b) of this title if separated or released from service, or if assigned to the Retired Reserve, and insured under Servicemembers'

Group Life Insurance, or if insured under Veterans' Group Life Insurance.

38 U.S.C. § 1970(a).³  A designation of beneficiary remains in effect until properly changed by the insured or canceled for service-related reasons. 38 C.F.R. § 9.4(a).  *See Ridgway v. Ridgway*, 454 U.S. 46, 55-56, 102 S.Ct. 49, 55, 70 L.Ed.2d 39 (1981).  The beneficiary designation provisions are strictly construed, although writings other than the official form, if received before death, may be relevant in determining a deceased soldier's intended beneficiary.  *Prudential Ins. Co. v. Smith*, 762 F.2d 476, 481-482 (5th Cir. 1985); *Stribling v. United States*, 419 F.2d 1350, 1354 (8th Cir.1969).

Katrina Thompson has provided the affidavit of Paul Melton, who served in the same national guard unit as Thompson at the time of his death.  Melton affirms that he was the Readiness Non-commissioned Officer (NCO) for the unit, that he was responsible for reviewing the insurance forms in Thompson's personnel file after his death, and that the most recent designation of beneficiary form in the file named Katrina Thompson as a beneficiary of 25% of Thompson's service-connected life insurance.⁴

The Estate and Ruiz have provided no competent evidence to dispute Melton's statements. The Estate and Ruiz instead rely on unsworn pleadings in which they allege that Thompson, five days after his divorce, signed and delivered a new designation of beneficiary to Prudential Insurance Company at its administrative office.  (Joint Resp. at 8).  A party opposing summary judgment cannot simply rest on the pleadings and must provide competent evidence that creates genuine triable issues.  *Celotex Corp.*, 477 U.S. at 324-325, 106 S.Ct. at 2553-2554.  *See also* FED. R. CIV.

---

³ The administrative office is the Office of Servicemembers' Group Life Insurance.  *See* 38 C.F.R. § 9.4(b).

⁴ The Estate and Ruiz attack the competency of the affidavit, but a review of Melton's affidavit shows it to be based on personal knowledge he acquired in his position with Thompson's unit. *See DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005)(recognizing that affidavit need not include "magic words" to be competent summary judgment evidence).

4

P. 56(e)(2). But the Estate and Ruiz assert that their allegation that a new designation form was provided to the insurance company is binding on Katrina Thompson because she failed to file a response to their cross-claims for a declaration that either Ruiz or the Estate is entitled to the insurance proceeds, which they incorporated in their joint answer to Kristina Thompson's own cross-claim for declaratory judgment that benefits "are payable pursuant to the beneficiary designation dated September 19, 2005 and on file with Prudential [Insurance Company]" at the time of Thompson's death.[5] *See generally* FED. R. CIV. P. 8(b)(6).

The cross-claims and underlying factual allegations as asserted by Ruiz and the Estate are no more than the inverse of the cross-claim asserted by Katrina Thompson. Ruiz and the Estate would have the court penalize Katrina Thompson for not reasserting, in negative form, the allegations of her own prior cross-claim, but the Federal Rules of Civil Procedure are construed and administered to secure the just, speedy, and inexpensive determination of every action. FED. R. CIV. P. 1. Similarly, pleadings must be construed so as to do justice. FED. R. CIV. P. 8(e). Pleadings are not to be treated as a game of skill in which one misstep by counsel may be decisive of the outcome. *Trotter v. Jack Anderson Enters., Inc.*, 818 F.2d 431, 436 (5th Cir. 1987)(quoting from *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The pleadings and procedural history of this case are not a model of clarity, but it appears that none of the parties have been misled about the respective positions of the other parties. *See Trotter*, 818 F.2d at 436 (finding that failure to answer had no effect on opponent's rights because he had notice that matter was to be litigated). Katrina Thompson's failure, under these particular circumstances, does not constitute a failure to deny for purposes of deeming Ruiz's or the Estate's factual allegations admitted.

---

[5] (3P Def. Cross-claim and Answer, ¶32). The court is referring to all of the claims as cross-claims because they are labeled as such by the parties.

Moreover, even taking the pleadings as true will not defeat summary judgment because delivering the form to the insurance company's administrative office does not constitute compliance with the statute. *Cf. Weymann v. Wilson*, 320 F. Supp. 980, 987 (M.D. Fla. 1970)(holding that delivery to wrong party did not establish receipt by the uniformed services). Ruiz has produced a change-of-beneficiary form,[6] which she alleges is a copy of the form that was forwarded to the administrative offices for Prudential Insurance Company in 2006, but the insurance benefits are allocated based on the most recent beneficiary designation form received in the uniformed services. 38 U.S.C. § 1970(a). *See Coomer v. United States*, 471 F.2d 1, 6 (5th Cir. 1973)(finding that change of beneficiary must comply with same statutory formalities as original designation of beneficiary); *Stribling*, 419 F.2d at 1355 (finding that insured's intent to change beneficiaries was not sufficient because form was in personal papers, but was not received in the uniformed services). The undisputed evidence in this case establishes that the most recent form received in the uniformed services was the designation that names Katrina Thompson as a beneficiary.

The court must strictly construe the statute, regardless of arguments of equity or fairness.[7] *See Ridgway*, 454 U.S. at 62-63, 102 S.Ct. at 59. There are no genuine issues of material fact with respect to Katrina Thompson's status as the designated beneficiary of 25% of the proceeds from Thompson's Servicemember's Group Life Insurance policy.

    2.    Waiver of Rights

---

[6] The new form that Thompson purportedly executed and mailed in 2006, unlike his previous designation of beneficiaries, is not witnessed and bears no indicia that it was "received" by the appropriate office. *Cf. Coomer v. United States*, 471 F.2d 1 (5th Cir. 1973)(accepting testimony from military record-keeper and copy of form signed by decedent and record-keeper as proof that form was received for purposes of Section 770(a) before insured's death though no form was found in official service file).

[7] There may be some leeway if there were evidence of wrongdoing by the named beneficiary, but that situation is not presented here. *See Ridgway*, 454 U.S. at 60 n.9, 102 S.Ct. at 57 n.9.

The Estate asserts that Katrina Thompson, even if she is otherwise designated as a beneficiary on the appropriate insurance forms, has waived her right to the life insurance proceeds. The Estate relies on the following provision in the September 2006 divorce decree:

> There are no other marital property rights, real or personal, or marital debt obligations to be adjudicated. Each party shall keep the property currently in their possession and shall have no claim to the property held by the other, and the parties shall be responsible for all debts and obligations in their individual names and shall hold the other party harmless on the same.

(Interv. Mot. Summ. J., App. 37). The Estate relies on a series of Fifth Circuit opinions recognizing that the Employee Retirement Income Security Act (ERISA) does not preclude a beneficiary from waiving a right to benefits under an employer-sponsored insurance policy if the waiver is explicit, voluntary, and in good faith. *See Manning v. Hayes*, 212 F.3d 866, 871 (5th Cir. 2000)(divorce decree not sufficiently clear waiver of right to insurance proceeds); *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000)(divorce decree provided for waiver of interest in insurance policy); *Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1324-27 (5th Cir. 1994)(divorce decree contained bona fide waiver of rights to insurance proceeds).

The Estate's reliance on ERISA cases is foreclosed by Fifth Circuit precedent. In *Dohnalik v. Somner*, the Fifth Circuit addressed a similar set of circumstances and held that the designation of a beneficiary under a Servicemembers' Group Life Insurance policy survives a state divorce decree purporting to divest the designee of any such interest. *Dohnalik v. Somner*, 467 F.3d 488, 489 (5th Cir. 2006). In particular, the Fifth Circuit found the ERISA-related waiver cases were not applicable in light of the Supreme Court's "hardline stance" that the SGLIA preempts all contrary

law,[8] including court orders, and that the beneficiary designated in accordance with the terms of the Servicemembers' Group Life Insurance policy must prevail. *See id.* at 491. *See generally Ridgway v. Ridgway*, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981). The Estate is not entitled to summary judgment on its affirmative defense of waiver.

The amended motion for partial summary judgment [doc. 56] filed by Third Party Defendant Kristina Thompson is granted.

The motion for partial summary judgment [doc. 38] filed by the Intervenor Estate of Bradley James Thompson is denied.

SIGNED AUGUST 14, 2008.

/s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

---

[8] This dispenses with the need to address the Estate's reliance on Section 9.301 of the Texas Family Code, which renders a pre-divorce beneficiary designation in favor of a spouse ineffective except in limited circumstances. *See generally* TEX. FAM. CODE ANN. § 9.301 (Vernon 2006). This reliance also appears misplaced. Although the Estate argues that Thompson was a Texas resident at the time of his divorce, an Arkansas court issued the divorce decree. There is no evidence that Kristina Thompson, who is the party the Estate seeks to hold to Texas law, was a resident of Texas.